MRS. CARRIE FIELDS v. S. A. OGBURN.

(Filed 5 November, 1919.)

**Landlord and Tenant—Safety of Leased Premises—Landlord's Duty to Repair—Express Promise—No Implied Promise—Negligence.**

There is no implied promise on the part of the landlord as to the safety of the house on the leased premises for occupancy, or duty to make repairs, and where the evidence tends only to show that the plaintiff lived for several years in the house, and was injured by the front porch rail giving away while she was leaning thereon and throwing her to the ground, by reason of its having been fastened with smaller nails than should have been used, in the absence of a special agreement of the landlord to repair or remedy the defect, or of evidence to show he had previous knowledge thereof, a judgment of nonsuit is properly allowed, although the plaintiff had previously called attention of the defendant's agent to the general state of disrepair of the building, which the agent refused to repair under the defendant's instructions.

CIVIL ACTION, tried before *Bryson, J.,* and a jury, at March Term, 1919, of FORSYTH.

This action is by a tenant and occupant of a dwelling-house against defendant, the landlord and owner, to recover damages for physical injuries caused by alleged negligence on the part of defendant in failing to keep the premises in proper repair. At the close of the plaintiff's testimony, on motion, there was judgment of nonsuit; plaintiff excepted, and appealed.

*LeRoy B. Wall and J. Lindsay Patterson for plaintiff.*
*R. G. Stockton and Manly, Hendren & Womble for defendant.*

HOKE, J. The facts in evidence tended to show that in October, 1916, the female plaintiff and her husband were tenants of a four-room dwelling-house, owned by defendant and rented to them by defendant's agent, and on said date, while plaintiff was sitting on the front porch of said dwelling leaning against the banister it gave way, throwing her from the porch to the ground, a fall of several feet, and causing serious and painful injuries from which she still suffers. That another woman had been leaning on the banister at the time and both fell to the ground. That the banister gave way from being insecurely fastened to the house with 4-penny nails, which were insufficient for the purpose, and after the injury the husband of plaintiff nailed same back with several 8-penny nails, and it was thereby made secure, continuing so thereafter while plaintiff remained at the house, a period of two or three months. That before the occurrence they had lived there as tenants for two and one-half years, and while plaintiff had continually complained to the agent of

defendant for repairs which she desired, no complaint had been made of the condition of the porch or the banister in question, and in reply to her repeated complaints, the agent had several times made answer that he would like to do more for her, but that he could only go according to instructions, etc.

On these, the facts chiefly relevant, we concur in his Honor's view, and are of opinion that the judgment of nonsuit has been properly entered. In the absence of express stipulation on the subject, there is usually no obligation or assurance on the part of the landlord to his tenant that the premises will be kept in repair, or that the same are fit or suitable for the purposes for which they are rented. It is true that in case of latent defects of a kind that import menace of appreciable injury. when these are known to the landlord, and of which tenant is ignorant and not likely to discover on reasonably careful inspection, liability has been recognized and recoveries sustained both on the ground of negligent breach of duty, and at times for fraud and deceit, but ordinarily, as stated in the well sustained brief of appellee's counsel, "There is no implied covenant in a lease of such property, either that the place is let for habitation or that the owner will keep the same safe and in repair, and ordinarily the doctrine of *caveat emptor* applies to leases of realty, and throws on the lessee the responsibility of examining as to existence of defects on the rented premises and of providing against their ill effects." Propositions that are approved by direct decision with us, and which prevail generally in jurisdictions where the rights of the parties are dependent on common-law principles. *Smithfield Improvement Co. v. Coley-Bardin,* 156 N. C., 255; *Edwards v. R. R.,* 98 N. Y., 245; *Mullen v. Rainear,* 45 N. J. L., 520; *Doyle v. R. R.,* 147 U. S., 413; *Walsh v. Schmidt,* 206 Mass., 405; *Thomas v. Lane,* 221 Mass., 447; *Philan v. Fitzpatrick,* 188 Mass., 237; *Calvin v. Beals,* 187 Mass., 250; *Howard v. Water Power Co.,* 75 Wash., 255; 3 Sherman & Redford on Negligence, sec. 709; 16 R. C. L., 772; in the Landlord and Tenant, sec. 268.

In *Smithfield Improvement Co. v. Coley-Bardin, supra, Associate Justice Brown,* delivering the opinion, it was said: "By the common law the lessor is under no implied covenant to repair, or even that the premises shall be fit for the purposes for which they are rented."

In *Edwards v. R. R., supra,* it is held that, "There is no implied warranty upon the devise of real estate that it is fit for occupation or suitable for the purposes for which it is leased."

In *Calvin v. Beals,* 187 Mass., injury from a defective railing on a piazza, recovery was denied, the Court stating the general position applicable as follows: "The general rule in this commonwealth must be considered as settled, that a tenant cannot recover against his landlord

for personal injuries occasioned by defective condition of the premises let, unless the landlord promises to repair, makes the repairs, and was negligent in making them."

We consider these authorities as decisive of the questions presented, nor do we see that the principles upon which they rest are in any wise affected by the cases cited for appellant.

*Bailey v. Long,* 175 N. C., 687, presented a case where a patient, taken for treatment in defendant's hospital, claimed to have been injured from exposure caused by a defective building. There the defendant retained the control of the building and of the particular room as well, and in referring the case to the jury, the rights of the parties were made depend-ent upon the contract, and the duties growing out of the relationship thereby created between them.

In *Rucker v. Willey,* 174 N. C., 44, there was an express agreement for repairs on the part of the landlord, and *Knight v. Foster,* 163 N. C., 329, was made to rest upon the facts peculiar to that case and involving the duties and obligations of a landlord and owner towards third persons. The respective obligations as existing between landlord and tenant were not directly presented.

We find no error in the record, and the judgment of nonsuit is

Affirmed.