MRS. MARY W. DUFFY v. MRS. EMMA HARTSFIELD ET AL.

(Filed 8 October, 1920.)

1. **Pleadings—Nonsuit—Appeal and Error—Objections and Exceptions—Final Judgment.**

   Exception to the refusal of the trial judge to grant a motion for judgment of nonsuit upon the pleadings should be noted, and appeal taken from the final judgment.

2. **Lessor and Lessee—Landlord and Tenant—Contracts—Damages—Crops—Caveat Emptor.**

   It is incumbent upon the lessee of lands to observe the lands beforehand with regard to fences and other like or apparent matters, and protect himself in his lease as to their repair, etc., and when he has not done so the doctrine of *caveat emptor* applies and he may not recover of his lessor damages to his crops caused by the condition of the fence during the period of the lease for farming purposes.

APPEAL by defendant from *Connor, J.,* at the June Term, 1920, of CRAVEN.

This is an action to recover rent.

The plaintiff alleges in her complaint that prior to 1 January, 1918, the plaintiff rented to the defendant, J. L. Hartsfield, a certain farm in Craven County for the year 1918 for the sum of $250, and that the defendant went into possession of the land and cultivated it and disposed of the crops without paying the rent, or accounting for the same.

The defendant, answering the complaint, admitted that he had rented the farm from the plaintiff, and from his codefendant for *agricultural purposes* during the year 1918, and that he went into possession of it and cultivated it, and admitted that he removed the crops therefrom, but denied that such removal was wrongful, and as a further defense alleged that after he had made all preparations to cultivate the farm he discovered that the fences were insufficient and broken down and unfit, to such an extent that cattle entered upon the lands and did great damage to the crops, and that he repeatedly made demands upon the plaintiff to provide sufficient fences to ward off the stock, and that she repeatedly refused to do so.

The defendant also alleges additional damages by reason of the loss of fertilizers and seed, but all growing out of the alleged failure of duty on the part of the plaintiff to repair the fences.

The plaintiff moved for judgment on the pleadings on the ground that the defendant admitted that the rent was due and unpaid, and that his alleged counterclaim for damages did not state a cause of action.

The motion was refused, and the plaintiff excepted and appealed.

*R. A. Nunn for plaintiff.*
*Guion & Guion for defendant.*

ALLEN, J.   The refusal of a motion for judgment on the pleadings is not appealable.   This is expressly decided in *Cameron v. Bennett,* 110 N. C., 277; *Duffy v. Meadows,* 131 N. C.; 33; and *Barbee v. Penny,* 174 N. C., 572.

The reason for the rule is stated in these cases, and it is pointed out that the correct practice is to note an exception to the refusal to grant the motion, which will be considered on appeal from the final judgment.

We will, however, express an opinion on the merits of the motion, as it will doubtless prevent further litigation.

The principle is well settled that "In the absence of express stipulation on the subject, there is usually no obligation or assurance on the part of the landlord to his tenant that the premises will be kept in repair, or that the same are fit or suitable for the purposes for which they are rented," and that, " 'Ordinarily the doctrine of *caveat emptor* applies to leases of realty, and throws on the lessee the responsibility of examining as to existence of defects on the rented premises and providing against their ill effects.'   Propositions that are approved by direct decision with us, and which prevail generally in jurisdictions where the rights of the parties are dependent on common-law principles.   *Smithfield Improvement Co. v. Coley-Bardin,* 156 N. C., 255; *Edwards v. R. R.,* 98 N. Y., 245; *Mullen v. Rainear,* 45 N. J. L., 520; *Doyle v. R. R.,* 147 U. S., 413; *Walsh v. Schmidt,* 206 : Mass, 405; *Thomas v. Lane,* 21 Mass., 47; *Philan v. Fitzpatrick,* 188 Mass., 237; *Calvin v. Beals,* 187 Mass., 250; *Howard v. Water Power Co.,* 75 Wash., 255; 3 Sherman & Redford on Negligence, sec. 709; 16 R. C. L., 772; in the Landlord and Tenant, sec. 268.". *Fields v. Ogburn,* 178 N. C., 408.

As stated in 16 R. C. L., 1032, the tenant "takes the premises for better or for worse, and cannot involve his landlord in expense for repairs without his consent."

The facts alleged by the defendant bring him clearly within this rule, and there is greater reason for enforcing it against him because the defects of which he complains, insufficient fences, were apparent and easily discovered before he made the contract of renting, and he had ample opportunity to protect himself by covenants in the lease, and having failed to do so, he must abide by the law.

We are of opinion, therefore, that the defendant has not alleged a counterclaim which he can maintain, and that the plaintiff is entitled to judgment for the rent due.

Appeal dismissed.