THEODOSIA TUCKER v. PARK YARN MILL COMPANY.

(Filed 21 December, 1927.)

**1. Landlord and Tenant—Master and Servant—Employer and Employee.**

A cotton mill furnishing houses to its employees for a rent deducted from salary establishes the relationship of landlord and tenant in respect to the houses so furnished, and not that of master and servant.

**2. Same—Duty to Repair—Damages.**

The liability of a cotton mill which furnishes houses to its employees for a rent is no greater than that of a landlord in respect to such houses, and in the absence of a contract to repair, it owes no duty to the tenant to repair, or to keep in repair, and it is not liable for personal injuries resulting from defective condition in the premises existing at the time tenant took possession, unless such defect was hidden, within the knowledge of the landlord, and could not have been discovered by the tenant on reasonable inspection, the doctrine of *caveat emptor* applying.

**3. Same—Contract to Repair—Damages.**

In this case the landlord, a mill, is not liable to its tenant, an employee therein, for damages for personal injury caused by a defect in the house rented, due to lack of repair, even though in the rental contract the landlord contracted to repair, damages in this case being too remote and not within the contemplation of the parties. *Jordan v. Miller*, 179 N. C., 73, and *Duffy v. Hartsfield*, 180 N. C., 151, cited and approved.

**4. Appeal and Error—Nonsuit.**

A judgment as of nonsuit will be sustained in an action by a tenant for damages resulting from a defect in the premises rented unless it is shown that the defect was peculiarly within the knowledge of the landlord, and could not have been discovered by the tenant upon reasonable inspection.

APPEAL by plaintiff from *Townsend, Special Judge,* at May Special Term, 1927, of GASTON. Affirmed.

Action to recover damages for personal injuries sustained by plaintiff, and caused by her fall through a hole in the porch of a house occupied by her and owned by defendant.

From judgment of nonsuit dismissing the action plaintiff appealed to the Supreme Court.

*A. E. Woltz and J. L. Hamme for plaintiff.*
*J. Laurence Jones and George B. Mason for defendant.*

CONNOR, J. Plaintiff upon her appeal to this Court relies principally upon her assignments of error based upon exceptions, first, to the order of the court allowing defendant's motion for judgment as of nonsuit, at the close of her evidence; and, second, to the judgment dismissing the action, in accordance with said order.

The evidence for plaintiff tended to show that some time prior to 27 April, 1926, she was employed by defendant as a spinner in defendant's mill, located at Kings Mountain, N. C. Defendant had agreed to pay her as wages the sum of $15.36 per week, and also to furnish her a house in which to live during such time as she continued in its employment. As rent for the said house plaintiff was charged sixty cents per week, which sum was deducted from her weekly wages.

Prior to her beginning work for defendant as its employee, plaintiff was shown the house which defendant proposed to furnish her, in accordance with its agreement. She discovered that this house was in bad repair, and called this fact to the attention of defendant's agent. The agent informed her that defendant did not at the time have any other house which it could furnish her, but stated that this house would be repaired. Plaintiff testified that the porches were in worse condition than other parts of the house—that they were completely rotten. She, however, moved into the house and began work for defendant in its mill. She continued to work for defendant for five weeks, during which time defendant did not repair or fix the house, although it agreed to do so, from time to time, when plaintiff complained of its condition. It remained in the same condition it was in at the time she moved into it.

On the day she was injured plaintiff went on the back porch to throw out some water. As she turned around to go back into the house a plank broke under her left foot, causing her to fall through the porch. The floor of the porch was about three and one-half feet from the ground. As the result of her fall, plaintiff was badly injured. She was compelled to go to a hospital for treatment, where she suffered great pain and incurred large expense for medical attention and nursing. She contends that her injuries were caused solely and proximately by the

negligence of defendant: first, in failing to furnish her a safe place in which to live while working in defendant's mill, under her contract · with defendant; and, second, in failing to repair the house furnished to her in accordance with its agreement made before she moved into it.

If upon all the facts which the evidence tends to establish, the relationship between defendant and plaintiff, with respect to the house, was that of landlord and tenant, with only such rights and duties as are ordinarily incident to such relationship, then upon all the authorities, in the absence of an agreement on the part of defendant, as a part of its rental contract, to repair the house and to keep it in repair, defendant owed no duty to plaintiff with respect to such repairs, and is not liable to plaintiff for personal injuries resulting from defective conditions existing at the time plaintiff accepted and moved into the house. In *Fields v. Ogburn,* 178 N. C., 407, the law is said to be that "in the absence of express stipulation on the subject, there is usually no obligation or assurance on the part of the landlord to his tenant, that the premises will be kept in repair or that the same are fit or suitable for the purposes for which they are rented. It is true that in case of latent defects of a kind that import menace of appreciable injury when they are known to the landlord, and of which the tenant is ignorant and not likely to discover on reasonably careful investigation, liability has been recognized and recoveries sustained both on the ground of negligent breach of duty, and at times for fraud and deceit, but ordinarily, as stated in the well-sustained brief of appellee's counsel, there is no implied covenant in a lease of such property, either that the place is let for habitation, or that the owner will keep the same safe and in repair, and ordinarily the doctrine of *caveat emptor* applies to leases of realty and throws on the lessee the responsibility of examining as to the existence of defects on the rented premises and of providing against their ill effects. This statement of the law is approved in *Duffy v. Hartsfield,* 180 N. C., 151.

In *Jordan v. Miller,* 179 N. C., 73, it is said that even where the lessor contracts to keep the premises in repair, the breach by the landlord of his contract will not ordinarily entitle the tenant, personally injured by a defect therein, existing because of the negligence of the landlord in failing to comply with his agreement to repair, to recover indemnity for such injury, whether in contract or in tort, since such damages are too remote and cannot be said to be fairly within the contemplation of the parties.

In *Hudson v. Silk Co.,* 185 N. C., 342, the statements of the law as contained in the opinions in the foregoing cases, with respect to the liability of a landlord to a tenant, for personal injuries caused by the

defective condition of the premises, are approved, although it is suggested in the opinion in that case that there may be exceptions to the law as therein stated. No facts, however, appeared upon the record which called for a discussion of exceptions to the general principles upon which the question presented by the appeal in that case was decided.

Counsel for plaintiff, in their brief, and also on the argument in this Court, evidently appreciating that the judgment of nonsuit in this case is sustained by authoritative decisions of this Court, contend that, although it shall be held that the relationship of defendant to plaintiff, with respect to the house, is that of landlord and tenant, upon the facts alleged in the complaint and shown in the evidence, defendant is liable to plaintiff, under exceptions to the general principles applicable to such relationship. We have given this contention careful consideration, but are unable to hold that the contention is well sustained. It may be conceded that cases may be presented in which a landlord shall be held liable to a tenant for personal injuries resulting from a negligent breach of an agreement to repair. In the absence of a statute, however, relative to this matter, we do not undertake to determine under what conditions and upon what facts, the landlord may be held liable to a tenant who has suffered a personal injury caused by the negligent failure of the landlord to comply with his contract to repair or to keep in repair the premises.

Nor can the further contention of plaintiff that the relationship between the parties to this action, while plaintiff was occupying house, was that of master and servant, or employer and employee, and not that of landlord and tenant, be sustained. While plaintiff was in defendant's mill, engaged in the performance of her duties as its employee, the relation between them was that of employer and employee, but while she was in the house, occupying it as her home, defendant was her landlord and she was its tenant. It cannot be held that plaintiff, while in the house furnished her by defendant, to be occupied by her as her home, was in a place furnished by her employer for the performance of her duties as an employee. The house was not furnished her as a place in which to work. When she entered this house she was in her home. There she was under no duty to defendant as its employee, nor did defendant owe her any duty, while she was in the house, as her employer. Its duties to her, while in the house, arose solely from the relationship of landlord and tenant. It is well settled by the decisions of this Court that ordinarily a landlord owes no duty to the tenant to repair the premises, and is not liable ordinarily for personal injuries sustained by the tenant, although such injuries are caused by the negligent breach of an agreement to repair.

The judgment dismissing the action as upon nonsuit is sustained by authoritative decisions of this Court. This case cannot be distinguished from the cases in which such decisions were made. These decisions are in accord with well-settled general principles, and must be regarded as authorities sustaining the judgment in this case.

Affirmed.