CLARA A. SALTER v. EDMUND GORDON.

(Filed 18 February, 1931.)

**Negligence A c—Where landlord is not under duty to repair premises, sublessee may not recover from him for injury resulting from failure to repair.**

For damages against a landlord caused by a negligent condition of the premises a sublessee can have no greater claim against the landlord than his lessor, and in the absence of evidence that the landlord was under obligation to keep the premises in repair a judgment as of nonsuit is properly entered.

APPEAL by plaintiff from *Harris, J.,* at September Term, 1930, of CURRITUCK. Affirmed.

COMBS *v.* PAUL.

*George J. Spence for plaintiff.*
*C. R. Morris and M. B. Simpson for defendant.*

PER CURIAM. The defendant owned a building in Norfolk, Virginia, which had been rented by the plaintiff's husband as sublessee. On the second story there was a balcony from which the plaintiff fell to the pavement, sustaining personal injury. She brought suit for damages, alleging that her fall was due to the negligence of the defendant in failing to keep the railing on the balcony in a reasonably safe condition. At the close of the plaintiff's evidence the action was dismissed as in case of nonsuit. The plaintiff excepted and appealed.

A sublessee can have no greater claim against the landlord than the tenant would have under like circumstances. *Jordan v. Miller,* 179 N. C., 73. In the absence of an agreement as to repairs the landlord is not obligated to keep the building in repair for the benefit of his tenant. *Improvement Co. v. Coley-Bardin,* 156 N. C., 255; *Fields v. Ogburn,* 178 N. C., 407; *Tucker v. Yarn Mill Co.,* 194 N. C., 756. The record contains no evidence of the landlord's agreement to make repairs. Judgment

Affirmed.