### MRS. NOLAR WILLIAMS v. OSAGE MANUFACTURING COMPANY.

#### (Filed 15 June, 1932.)

CIVIL ACTION, before *Finley, J.,* at January Term, 1932, of GASTON.

Plaintiff alleged that the defendant is a corporation operating a large industrial plant in Gaston County and owns certain tenement houses constructed for the use of its employees. It was further alleged that after dark on 5 January, 1931, the plaintiff visited the home of one Brown, who occupied one of the houses so owned and maintained by the defendant, and that as she attempted to enter the house the steps thereto "gave way, violently precipitating this plaintiff to the ground, inflicting injury as hereinafter alleged." It was further alleged that "the defendant licensed this plaintiff and the general public to use on or about 5 January, 1931, said steps," etc.

The defendant demurred *ore tenus* upon the ground that the complaint stated no cause of action. The demurrer was sustained and the plaintiff excepted and appealed.

*J. L. Hamme for plaintiff.*
*S. J. Durham for defendant.*

PER CURIAM. The demurrer was properly sustained upon authority of *Money v. Hotel Co.,* 174 N. C., 508, 93 S. E., 964, and *Tucker v. Yarn Mill Co.,* 194 N. C., 756, 140 S. E., 744.

Affirmed.

---

### W. H. WRIGHT v. MUTUAL COTTON MILLS COMPANY.

#### (Filed 15 June, 1932.)

CIVIL ACTION, before *Schenck, J.,* at December Term, 1931, of GASTON.

The plaintiff alleged that defendant is the owner and operator of a cotton mill, and as an incident to said business, owns certain tenement houses for the use of its employees. That the plaintiff was an employee of the defendant and rented one of said houses for the use of himself and family, paying as rental the sum of sixty cents per week. It was further alleged that on or about the first day of January, 1930, the house burned, destroying the household furniture and other personal effects of plaintiff.