## MRS. NOLAR WILLIAMS v. OSAGE MANUFACTURING COMPANY.

### (Filed 15 June, 1932.)

CIVIL ACTION, before *Finley, J.,* at January Term, 1932, of GASTON.

Plaintiff alleged that the defendant is a corporation operating a large industrial plant in Gaston County and owns certain tenement houses constructed for the use of its employees. It was further alleged that after dark on 5 January, 1931, the plaintiff visited the home of one Brown, who occupied one of the houses so owned and maintained by the defendant, and that as she attempted to enter the house the steps thereto "gave way, violently precipitating this plaintiff to the ground, inflicting injury as hereinafter alleged." It was further alleged that "the defendant licensed this plaintiff and the general public to use on or about 5 January, 1931, said steps," etc.

The defendant demurred *ore tenus* upon the ground that the complaint stated no cause of action. The demurrer was sustained and the plaintiff excepted and appealed.

*J. L. Hamme for plaintiff.*
*S. J. Durham for defendant.*

PER CURIAM. The demurrer was properly sustained upon authority of *Money v. Hotel Co.,* 174 N. C., 508, 93 S. E., 964, and *Tucker v. Yarn Mill Co.,* 194 N. C., 756, 140 S. E., 744.

Affirmed.

---

## W. H. WRIGHT v. MUTUAL COTTON MILLS COMPANY.

### (Filed 15 June, 1932.)

CIVIL ACTION, before *Schenck, J.,* at December Term, 1931, of GASTON.

The plaintiff alleged that defendant is the owner and operator of a cotton mill, and as an incident to said business, owns certain tenement houses for the use of its employees. That the plaintiff was an employee of the defendant and rented one of said houses for the use of himself and family, paying as rental the sum of sixty cents per week. It was further alleged that on or about the first day of January, 1930, the house burned, destroying the household furniture and other personal effects of plaintiff.

The evidence tended to show that the defendants furnished light for the houses owned by it, including that rented by the plaintiff. On the night before the fire one of the lights in the house would not burn. On the next day the plaintiff reported the matter to the agent of defendant, who promised to make the necessary repairs. This was about twelve o'clock in the day. The house burned about four o'clock ·in the afternoon of· that day. A witness said: "The fire seemed to be burning through the roof in a streak two feet wide where the electric wire went in." The light that was out of repair was in the front room of the house.

At the conclusion of plaintiff's evidence there was judgment of nonsuit and he appealed.

J. L. Hamme for plaintiff.
Geo. B. Mason, for defendant.

PER CURIAM. The judgment of nonsuit is supported by *Tucker v. Yarn Mill Co.*, 194 N. C., 756, 140 S. E., 744; *Salter v. Gordon*, 200 N. C., 381, 157 S. E., 11; *Williams v. Osage Mfg. Co.*, ante, 859.

Affirmed.

═══════════

MARY WEBB v. S. V. TOMLINSON ET AL.

(Filed 15 June, 1932.)

APPEAL by defendants from *Moore, J.*, at March Special Term, 1932, of WILKES.

Proceedings under Workmen's Compensation Act by dependents of Charley Webb, deceased, a woodcutter, when he was injured, 26 February, 1930, from which injury he subsequently died.

The hearing Commissioner found that the deceased was employed by the defendants and that the injury arose out of and in the course of the employment. The defendants contend that the deceased was an independent contractor and not an employee.

On appeal to the full Commission the award of the hearing Commissioner was upheld. And on appeal to the Superior Court the award of the full Commission was affirmed.

Defendants appeal, alleging that there is no evidence to support the findings that deceased was an employee of the defendants.