DEVIN, J., took no part in the consideration or decision of this case.
This is an action to recover rents due under a lease of the Strand Theatre building, located on Main Street in the town of Canton, N.C. In their complaint the plaintiffs allege that the defendant is liable for the rents which are due under the lease, and which are unpaid, as sublessee of the premises described in the lease.
In defense of plaintiffs' recovery in the action the defendant alleges in his answer that the lessors failed to keep the Strand Theatre building in suitable repair during the term of the lease, as it was their duty to do, and that because of such failure he was forced to abandon the premises described in the lease. For that reason the defendant denies liability for the rents which are due and unpaid.
On 5 December, 1928, the plaintiffs R. W. Sherrill and his wife, Mabel Sherrill, as parties of the first part, entered into a contract with M. Buchanan, as party of the second part, by which as owners they leased to the said M. Buchanan the Strand Theatre building, located on Main Street in the town of Canton, Haywood County, North Carolina, for a term of five years, beginning on 1 December, 1928, and ending on 1 December, 1933, and by which the said M. Buchanan agreed to keep said Strand Theatre building for said term of five years, and to pay as rent for the same the sum of $215.00 per month, payable in advance. *Page 147 
The contract, which is in writing, contains the following paragraphs:
"4. The party of the second part hereby agrees that the fixtures in said building, or which shall be placed in said building, shall stand for any rent not paid by him, and this agreement shall constitute a lien on said fixtures and equipment, and in case of default the parties of the first part shall foreclose as provided by law for the foreclosure of chattel mortgages."
"6. The parties of the first part agree to take care of all obligations against the Strand Theatre so as to save the party of the second part harmless by reason of any outstanding indebtedness against the equipment and fixtures which were purchased from the parties of the first part by the party of the second part, and agree to pay any liens or encumbrances against said building that would in any way tend to cause the party of the second part to lose his rights under this lease, and if there shall be an execution sale or foreclosure proceedings against either the equipment and fixtures or the building, then the party of the second part is hereby authorized to pay off said claim and to deduct such amount from the rents due to the parties of the first part herein."
"7. The party of the second part shall have the right to sublease or assign the premises herein described, but the lien on the fixtures and equipment, as hereinbefore set forth, shall remain in force as though no assignment had been made."
The contract and lease was duly recorded in the office of the register of deeds of Haywood County, and thereafter the said M. Buchanan, as lessee, entered into possession of the premises described in the lease, and operated a moving picture show in the building situate on said premises until he assigned the lease to W. H. Odum.
On 28 June, 1929, M. Buchanan assigned all his rights under the lease in and to the premises described therein to W. H. Odum, who assumed all the obligations of the said M. Buchanan under the lease. The said assignment was in writing and was duly recorded in the office of the register of deeds of Haywood County. Thereafter, W. H. Odum entered into possession of the premises described in the lease, as sublessee, and operated a moving picture show in the building situate on said premises until he assigned the lease to the defendant J. E. Massie.
On 12 January, 1933, W. H. Odum assigned all his rights under the lease in and to the premises described therein to the defendant J. E. Massie, who assumed all the obligations of the original lessee under the lease. The said assignment was in writing and was duly recorded in the office of the register of deeds of Haywood County. Thereafter, the defendant J. E. Massie entered into possession of the premises described in the lease and operated a moving picture show in the building situate on said premises until some time after 1 May, 1933, when he abandoned *Page 148 
the premises. He paid all the rents due under the lease prior to and including 1 May, 1933. He has failed and refused to pay rents due for the months of June, July, August, September, October, and November, 1933, contending that he is not liable for said rents, for the reason that the Strand Theatre building had become unfit for occupancy, because of its bad condition, and that the lessors had failed and refused to repair the said building, as it was their duty to do. He contended that he did not breach his contract to pay rents for said building by his abandonment of the premises.
Prior to the execution and registration of the lease dated 5 December, 1928, the plaintiffs R. W. Sherrill and his wife, Mabel Sherrill, had executed a mortgage deed by which they conveyed the premises described in the lease to the plaintiff Carolina Mortgage Company to secure the payment of their indebtedness to said company for money loaned. After the execution of the lease, pursuant to the agreement between the plaintiffs R. W. Sherrill and wife, Mabel Sherrill, and Carolina Mortgage Company, the rents due under the lease were paid by the lessee and the sublessees to the Carolina Mortgage Company and credited on the indebtedness of R. W. Sherrill and his wife, Mabel Sherrill, to said company. During their absence from the State of North Carolina, while the lease was in force, the said R. W. Sherrill and his wife, Mabel Sherrill, authorized and empowered the said Carolina Mortgage Company to collect said rents, to make repairs on and to look after the Strand Theatre building. Prior to the commencement of this action, the plaintiff R. Hoyle Smathers had been appointed receiver in an action brought in the Superior Court of Haywood County by R. W. Sherrill and his wife, Mabel Sherrill, to restrain a sale of the premises described in the lease by the Carolina Mortgage Company, under the power of sale contained in its mortgage. Since this action was begun, the said plaintiff has been discharged as receiver, and the action in which he was appointed has been dismissed.
At the trial of the action evidence was offered by the defendant tending to show that during the term of the lease the Strand Theatre building had gradually become unfit for use as a theatre; that after the defendant went into possession of the premises described in the lease, a crack in the rear wall of the building increased in width, the roof of the building leaked so badly that it was necessary for the protection of patrons of the theatre during a rain to keep buckets and tubs in the building to catch the rain, and the floor became so insecure that it would vibrate as patrons of the theatre walked to and from their seats; and that the reasonable cost of necessary repairs to the building would have exceeded the rent for the premises, under the lease, for one year. This evidence was admitted over the objections of the plaintiffs and subject to their exceptions. *Page 149 
Evidence was further offered by the defendant tending to show that some time prior to 1 May, 1933, the defendant notified the plaintiff Carolina Mortgage Company, to whom he had paid the rents for the premises, as authorized by the lessors, R. W. Sherrill and wife, Mabel Sherrill, in writing, of the bad condition of the Strand Theatre building, and that unless the lessors made the necessary repairs at once, he would move out of the building and surrender the premises. This evidence was admitted over the objection of the plaintiffs and subject to their exceptions.
The plaintiffs, in apt time and in writing, requested the court to instruct the jury as follows:
"The court instructs the jury that the evidence in this case is not sufficient to bring the defendant within the protection of C. S., 2352, and if you are satisfied by the greater weight of the evidence that the defendant has failed and refused to pay the rents for the premises as provided in the lease and contracts offered in evidence, you will answer the second issue `Yes.'"
The court declined to give this instruction, and plaintiffs duly excepted.
Issues submitted to the jury were answered as follows:
"1. Did the defendant J. E. Massie, on 12 January, 1933, assume in writing and agree to perform the terms, stipulations, and agreements of the lease executed on 5 December, 1928, by R. W. Sherrill and wife, Mabel Sherrill, of the first part, to M. Buchanan, of the second part, and the lease executed by M. Buchanan to W. H. Odum on 28 June, 1929, as alleged in the complaint? Answer: `Yes.'
"2. Did the defendant commit a breach of said contract of lease, as alleged in the complaint? Answer: `No.'
"3. What sum, if any, are the plaintiffs entitled to recover of the defendant by reason of such breach? Answer: _______."
From judgment that plaintiffs recover nothing of the defendant by this action, and that the defendant recover of the plaintiffs the costs of the action, the plaintiffs appealed to the Supreme Court, assigning errors in the trial.
There is no provision in the lease which was executed by the plaintiffs R. W. Sherrill and his wife, Mabel Sherrill, to M. Buchanan, on 5 December, 1928, and thereafter duly assigned to the defendant J. E. Massie, by which the said plaintiffs, as lessors, agreed to keep the Strand Theatre building in good repair. In the absence of *Page 150 
such provision, the said plaintiffs were under no obligation to keep the said building in good repair. In Salter v. Gordon, 200 N. c., 381,157 S.E. 11, it is said: "In the absence of an agreement as to repairs, the landlord is not obligated to keep the building in repair for the benefit of the tenant. Tucker v. Yarn Mill,194 N.C. 756, 140 S.E. 744; Fields v.Ogburn, 178 N.C. 107, 100 S.E. 583; Improvement Co. v. Coley-Bardin,156 N.C. 255, 72 S.E. 312." In the last cited case it is said that by the common law the lessor is under no implied covenant to repair, or even that the premises shall be fit for the purpose for which they are rented.
It was, therefore, error to admit evidence at the trial of this action tending to show the bad condition of the Strand Theatre building during the term of the lease, as justifying the abandonment of the premises described in the lease by the defendant, unless, as contended by him, C. S., 2352, was applicable in the trial of this action.
The defendant did not allege in his answer any facts to which the statute is applicable, nor did he rely upon the statute as a defense to plaintiff's recovery in this action. There was no evidence at the trial tending to show such damage to the Strand Theatre building, during the term of the lease, as would have enabled the defendant by compliance with the provisions of the statute to surrender the premises, and relieve himself or liability under the lease.
It was, therefore, error to decline to instruct the jury as requested by the plaintiffs.
In accordance with this opinion, the plaintiffs are entitled to
New trial.
DEVIN, J., took no part in the consideration or decision of this case.