MARY LILLY EDWARDS WILLIAMS, BY HER NEXT FRIEND, E. D. WILLIAMS, v. MARY IDA STRAUSS.

(Filed 20 May, 1936.)

**Landlord and Tenant B c: Negligence A c—In absence of agreement, landlord is not under duty to keep premises in repair.**

In the absence of evidence that a landlord retained control of or agreed to keep in repair a balcony between two apartments owned by her and constructed for the use of both apartments, the landlord is not liable for injuries resulting to a member of the household of a tenant of one of the apartments, caused by disrepair of the balcony.

APPEAL by plaintiff from *Williams, J.,* at October Term, 1935, of NEW HANOVER. Affirmed.

This is an action to recover damages for personal injuries suffered by the plaintiff, a child five years of age, when she fell down a stairway extending from a balcony or platform in the rear of an apartment, in which she was living as a member of the family of her aunt, Mrs. Rosa Guthrie, to the ground.

The apartment is located on the second floor of a building owned by the defendant and at the time the plaintiff was injured, was occupied by her aunt as a tenant of the defendant. Plaintiff's fall down the stairway and her resulting injuries were caused by a defect in the floor of the balcony or platform, near the head of the stairway.

There are two apartments on the second floor of defendant's building. At the time the plaintiff was injured one was occupied by her aunt; the other was vacant. The balcony or platform at the rear of the building was constructed for use by tenants who should occupy both apartments.

There was no evidence at the trial of the action tending to show that the defendant, when she rented one of the apartments to plaintiff's aunt, retained control of the balcony or platform, or agreed to keep the same in good repair. Evidence offered by the plaintiff showed that defendant had declined to repair the floor of the balcony or platform when requested to do so by plaintiff's aunt.

At the close of the evidence for the plaintiff, defendant moved for judgment dismissing the action as of nonsuit. The motion was allowed and plaintiff excepted.

From judgment dismissing the action the plaintiff appealed to the Supreme Court, assigning as error the judgment.

*Cleves M. Symmes for plaintiff.*
*Stevens & Burgwyn for defendant.*

PER CURIAM. The judgment in this action is in accord with the law in this State as declared and applied by this Court in *Mortgage Co. v. Massie,* 209 N. C., 146; *Salter v. Gordon,* 200 N. C., 381, 157 S. E., 11; *Tucker v. Yarn Mill,* 194 N. C., 756, 140 S. E., 744; and *Fields v. Ogburn,* 178 N. C., 407, 100 S. E., 583. In the last cited case it is said: "In the absence of express stipulation on the subject, there is usually no obligation or assurance on the part of the landlord to his tenant that the premises will be kept in repair, or that the same are fit or suitable for the purposes for which they are rented."

No facts are shown by the evidence in the instant case which bring this case within any recognized exception to the general rule as to the liability of a landlord to a tenant for damages resulting from defects in the premises. The general rule is that the landlord is not liable for such damages. The judgment is

Affirmed.