JAMES B. J. LIBBEY *versus* JOHN G. TOLFORD *& al.*

In a lease of a store, there is no implied warranty, that the building is safe, well built, or fit for any particular use.

If there be no stipulation between the parties to a lease in respect to repairs, the tenant takes the risk of the future condition of the premises, and is bound to keep them in repair.

If the landlord, after the lease is entered into, and being under no legal obligation to make repairs, promises to make them, the promise is without consideration, and will not support an action.

ON EXCEPTIONS to the ruling of DAVIS, J.

ASSUMPSIT to recover damages to the plaintiff's goods in a store leased by him of the defendants, caused by the want of sufficient repairs, which it was alleged the defendants promised to make.

The testimony tended to show that the store, at the time of the hiring, was in good and tenantable condition; that the lease was by parol; that afterwards the store was out of repair, and the plaintiff notified the defendants of the fact; that they promised from time to time to repair it, but failed to do so; and that, in consequence of the want of repairs, the plaintiff's goods were damaged.

Upon this evidence, the presiding Judge ordered a nonsuit and the plaintiff filed exceptions.

*J. Morgan,* for plaintiff.

*Deblois & Jackson,* for defendants.

The opinion of the Court was drawn up by ·

APPLETON, J.—In the lease of a store or warehouse, there is no implied warranty that the building is safe, well built or fit for any particular use. *Dutton* v. *Gerrish,* 9 Cush., 89. So, in a lease of a house, there is none that it is reasonably fit for habitation. *Foster* v. *Peyson,* 9 Cush., 243; *Cleves* v. *Willoughby,* 7 Hill, 83. On a demise of the vesture of land for a specific term, and at a certain rent, there is no implied obligation on the part of the lessor that it shall be fit for the purpose for which it is taken. *Sutton* v. *Temple,* 12 Meess. & Wels., 52. Nor of a house, that it shall be reasonably fit for habitation. *Hart* v. *Windsor,* 12 Mees. & Wels. 68. Nor is it implied that it shall continue fit for the purpose for which it is demised, as the tenant can neither maintain an action, nor is he exonerated from the payment of rent if the house is blown down or destroyed by fire, or the occupation rendered impracticable by the act of God or the King's enemies. *Ib.* When it is agreed that the landlord shall do the repairs, there is no implied condition that the tenant may quit if the repairs are not done. *Surplice* v. *Farnsworth,* 49 E. C. L. 574.

In *Gott* v. *Gandy,* 2 Ell. & Black., 845, (75 E. C. L.,) the plaintiff brought an action against his landlord for neglecting to make substantial repairs to the premises, after notice

that they were in a dangerous state, by reason of which the premises fell during the ₊tenancy and injured his goods. The Court held that no obligation on the part of the landlord to make repairs arose from the relation of landlord and tenant. "The absence of authority to show a duty, as between landlord and tenant," remarks ERLE, J., "is very strong against the existence of such a duty." In the absence of any special agreement, the tenant takes the risk of the future condition of the premises leased. "The tenant," remarks, SAVAGE, C. J., in *Mumford* v. *Brown*, 6 Cow., 75, "takes the premises for better and for worse; and cannot involve his landlord in expense for repairs, without his consent."

In the present case, it does not appear that there was any agreement, when the contract of leasing was entered into, that the landlord should keep the premises in repair. If there be no stipulation between the parties to a lease on the subject of repairs, the tenant is bound to keep the premises in repair. *Long* v. *Fitzsimmons*, 1 Watts & Serg., 530.

The lease and its terms and conditions were made. The duties of the parties were left as at common law. The landlord was under no obligation to repair either by express contract or by implication of law. By law the duty to repair devolved upon the tenant. It is not in proof that the premises were out of repair when the tenant entered upon their occupation. The landlord, being under no legal obligation to make repairs, promised the tenant, who was under such obligation, to make them. The promise was without consideration. It was no part of the original agreement. It was made while the tenant was occupying the premises. The action cannot be maintained.            *Exceptions overruled.*

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.