JANE JORDAN v. GEORGE D. MILLER.

(Filed 20 December, 1919.)

**Negligence—Lessor and Lessee—Employer and Employee—Master and Servant—Contributory Negligence—Evidence—Nonsuit.**

Ordinarily a lessor is not liable to an employee or guest of his lessee for a personal injury caused by his failure to repair a defective place in the leased premises, though under contract with his tenant to repair; and where the employee was injured by stepping through a hole in a platform to an outside stairway, of which said employee was aware and had frequently theretofore stepped over, it is evidence of contributory negligence which will bar her recovery of damages in her action. And, *semble,* the court would have been justified in directing a nonsuit under the evidence in this case.

APPEAL by plaintiff from *Ray, J.,* at March Term, 1919, of BUNCOMBE.

This is an action for damages for personal injuries sustained by the plaintiff, an employee of the lessee of the defendant. The jury found

on the issues submitted that the defendant was not guilty of negligence, and that plaintiff contributed to her injuries by her own negligence. Appeal by plaintiff.

*F. W. Thomas and R. M. Wells for plaintiff.*
*M. W. Brown for defendant.*

CLARK, C. J. In December, 1915, the premises in question were leased by George D. Miller to Tempe Harris for a residence and boarding-house, and she employed the plaintiff as a cook. The defendant was given a bedroom, which she reached by passing over a platform in which there was a hole three feet long and four inches wide, which had been made in September, 1917, by another employee of Mr. Harris, and plaintiff was injured by stepping into this hole in the month following.

As to the accident, the plaintiff testified as follows: "On 3 October, 1917, said platform and railing around the same was out of repair and in said platform near the door to her sleeping room was a hole; that she knew that said hole was in the platform, having stepped over and dodged it at least twice every day for five days before she received her injuries, and that at the time she was injured she knew where the hole was and intended to step across the hole, but misjudged its location and put her foot into it, causing her to fall, and that she was thereby injured."

By the terms of the lease, the lessor was to attend to all necessary outside repairs, but the lessee agreed to make all inside repairs during the life of the lease. It would seem that this was a defective place in a platform of an outside staircase leading to plaintiff's room. The tenant, Miss Harris, knew that her employee, Elliott, had broken the plank and made the hole, and that a plank 3 feet long and 4 inches wide would have put the platform in repair.

"As a general rule, the landlord is not liable for injuries to third persons on account of the defective repair of premises." 18 A. and E., 238.

In the absence of an agreement as to repairs, it is familiar learning that it is not the duty of the lessor to keep the building in repair. *Improvement Co. v. Coley-Barden,* 156 N. C., 255. There was evidence from the plaintiff's statement that she knew of this broken place in the platform and notwithstanding stepped into the hole. The jury found upon the issues submitted that she was not injured by the negligence of the lessor, but that she was injured by her own negligence. There was evidence to that effect sufficient to go to the jury, and they have so found the fact to be.

The court charged the jury that "the mere fact that the plaintiff knew that there was a hole in the platform at the place where she testified that her leg went through, does not make her guilty of contributory negli-

gence. It is for the jury to say, on the whole evidence, whether or not the plaintiff was negligent, and if they should find that she was negligent, still they should answer the second issue 'No,' if they should find that the negligence of the defendant was the proximate cause of the plaintiff's injury."

In 24 Cyc., 1119, it is said: "The general rule is that a subtenant, guest, or servant of the tenant is regarded as so far identified with the tenant that his right to recover against the landlord is the same as the tenant's right would be had the accident happened to him; but he can have no greater claim against the landlord than the tenant himself would have under like circumstances."

Even where the lessor contracts to keep the premises in repair, "It has been held, with but few exceptions, that the breach by the landlord of his contract to repair the demised premises will not ordinarily entitle the tenant, his family, servants, or guests, personally injured from a defect therein, existing because of the negligence of the landlord in failing to comply with his agreement to repair, to recover indemnity for such injury, whether in contract or tort, since such damages are too remote, and cannot be said to be fairly within the contemplation of the parties. A contract to repair does not contemplate as damages for the failure to perform it that any liability for personal injuries shall grow out of the defective condition of the premises; *because the duty of the tenant, if the landlord fails to perform his contract to repair, is to do the work himself,* and recover the cost in an action for that purpose, or upon a counterclaim in an action for rent, or if the premises are made untenable by reason of the breach of contract, the tenant may move out and defend in an action for rent as upon an eviction. In accordance with this view, in order to recover damages for personal injuries, there must be shown some clear act of negligence or misfeasance on the part of the landlord beyond the mere breach of covenant." 16 Ruling Case Law, 1095.

It may be that upon the principles and authorities above cited, the court might have directed a nonsuit. But, however that may be, the jury, upon instructions free from error, have found upon evidence that the proximate cause of plaintiff's injuries was her own negligence.

No error.