ELLA HUDSON v. THE SINGLETON SILK COMPANY, AND THE ANSON REAL ESTATE AND INSURANCE COMPANY.

(Filed 25 April, 1923.)

**Landlord and Tenant—Defects on Premises—Personal Injury—Covenants to Repair—Leases—Damages.**

The tenant cannot hold his landlord liable for personal injuries to himself or his family by reason of defective conditions on the leased premises on which they live, in the absence of his express covenant to

repair; and under the general rule applicable a liability of this character will not usually be imputed. The question as to whether a recovery may be had by the tenant under exceptional covenants or circumstances is not presented on this appeal.

APPEAL by plaintiff from Long, J., November Term, 1922, of ANSON.

Civil action to recover damages for personal injuries caused by the alleged negligence of the defendants, landlord and owners of the property, in failing to keep the premises in proper repair. At the close of plaintiff's evidence on motion there was judgment of nonsuit, and plaintiff excepted and appealed.

Parker, Stewart, MacRae & Bobbitt for plaintiff.
McLendon & Covington for the Anson Real Estate Company.
Robinson, Caudle & Pruette for the Singleton Silk Company.

HOKE, J. In the absence of an express covenant to repair or keep in repair, a landlord is not ordinarily held liable for personal injuries to the tenant or his family by reason of defective conditions of the premises. And even with a covenant to repair, the general rule is that such a liability will not usually be imputed. And it is not required to discuss or determine whether an action of this kind will lie against the landlord under exceptional covenants or circumstances, for if this be conceded, on careful perusal of the record we are of opinion that in the instant case there are no facts in evidence that will justify or permit the inference that the alleged breach of an agreement to repair was the proximate cause of the injury complained of, nor even that it caused the injury to plaintiff. The judgment of his Honor directing a nonsuit is therefore
Affirmed.