## Chelten Avenue Building Corporation *v.* Mayer, Appellant.

Argued April 24, 1934. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. Horace Hepburn, Jr.,* for appellant.

*Walter Lee Sheppard,* with him *Alexander M. De-Haven,* for appellee.

OPINION BY MR. JUSTICE DREW, May 21, 1934:

This is an action of assumpsit by the plaintiff corporation for the recovery of rent alleged to be due under a written lease. At the trial, binding instructions were granted for the plaintiff and a verdict rendered against the defendant. After the refusal of the court below to enter judgment n. o. v. in favor of the defendant or grant a new trial, defendant appealed.

Plaintiff owns and operates a coöperative apartment house, tenancy in which is restricted to persons owning stock in the plaintiff corporation. On June 11, 1926, the defendant purchased sixty-five shares of stock and entered into a written lease for the occupancy of an apartment in the building. The lease ran for an indefinite period of time, and under its terms the rent was to be fixed by the board of directors according to the amount of carrying charges on the property, which were apportioned equally among the tenants. The defendant became dissatisfied with life in that apartment, and so told the president of the plaintiff corporation, and informed him that she would give him "five hundred dollars for the selling of the place." She personally made a number

of efforts to sell the apartment, and finally posted a sign "For Rent or Sale" in the window, against the protest of the management and in direct violation of the terms of her lease, which provided that "none of the rooms shall be offered for rent by placing notices on any door, window or wall of the building, or of the demised premises."

Her conduct so aggrieved plaintiff that on January 19, 1929, it charged her with a breach of the lease and entered judgment in ejectment by confession against her. The defendant opposed this action, had the judgment opened by the court, and on October 24, 1930, obtained a verdict in her favor. She continued to live in the apartment until the middle of May, 1930, a period of approximately sixteen months from the time of the entry of the judgment in ejectment, and remained in actual possession by keeping her furniture there until long after the commencement of this action on December 12, 1930. She paid no rent for this whole time. At the trial plaintiff limited its claim to the period ending May 1, 1930, two weeks before the time when she ceased to live in the apartment. The learned trial judge directed a verdict for the amount of rent accrued and unpaid up to May 1, 1930, and allowed an exception to the defendant.

Defendant attempts to maintain her appeal on two grounds: (1) That the institution of the ejectment action terminated the lease and prevented plaintiff from maintaining an action thereon, and (2) that the acts and conduct of plaintiff's agents and servants constituted an eviction and suspended her obligation to pay rent.

As to the first contention, the learned counsel for defendant concedes that there is no direct ruling in Pennsylvania on the question whether the institution of an action of ejectment against a tenant by his landlord terminates the lease. However, he cites in support of his position two English cases, Jones v. Carter, 15 M. & W. 718, and Serjeant v. Nash, Field & Co., [1903] 2 K. B. 304. An examination of these cases discloses that they are not applicable to the present situation. The

Jones case holds that the commencement by a landlord of an action for the recovery of possession of the demised premises, on the ground of breach of covenant by the tenant, operates as a final election to terminate the lease, and, during the pendency of the action, bars the recovery of rent accruing after its commencement. The Serjeant case holds that the same result follows as between a tenant and his subtenant where the head landlord has instituted such an action. Those cases do not hold that where the tenant has resisted the action of the landlord to put him out of possession, and has had judgment entered in his favor, he can then successfully contend that the lease was terminated by the institution of the action. It is only common sense that where the tenant has maintained his right to possession under the lease he should continue to comply with the terms of the lease, chief of which is his obligation to pay rent. Such is the instant case. Under these circumstances, the institution of the proceedings for possession was no defense to the action for rent accruing after the commencement thereof: Bronisz v. Cienkowski, 68 Pa. Superior Ct. 524; see McDonald v. Ruggiero, 144 N. Y. App. Div. 230.

As to the defendant's second contention, we have no difficulty in agreeing with the proposition that if a landlord evicts his tenant from the demised premises, his right to recover rent during the period of such eviction is suspended, and any act of a landlord which deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under his lease will amount in law to an eviction and suspend the rent: Hoeveler v. Fleming, 91 Pa. 322; McSorley v. Allen, 36 Pa. Superior Ct. 271. But conceding these well-established principles, we are still faced with the question whether under the facts of the present case the defendant has established an eviction. She testified that after the institution of the ejectment action plaintiff's managers treated her in a rude and offensive manner, this consisting of their refusal to speak to her when they met her

in the lobby, and that plaintiff's servants did not give her proper elevator service, this consisting of their failing on a number of occasions to come when she rang, and carrying her past her floor when she was on the elevator, and annoyed her with continual complaints about noise in her apartment. She stated that as a result of this treatment she moved out of the apartment shortly after May 1, 1930. However, she admitted that she did not take her furniture out, but left it in the apartment.

It is clear that these alleged acts of plaintiff's agents and servants did not deprive her of the beneficial enjoyment of the whole or any part of the demised premises. They do not support a claim of actual eviction, total or partial. We need not consider whether they were such as would have entitled her to abandon the premises and claim a constructive eviction, for she did not abandon the premises or any part of them, but remained in possession and occupancy of the whole during the entire period for which the recovery of rent was allowed. In order that a tenant may rely on constructive eviction to avoid payment of the rent contracted for, he must abandon the premises: Leiferman v. Osten, 167 Ill. 93; Cohen v. Conrad, 110 Minn. 207; Licker v. Rudd, 146 Atl. (N. J.) 588; Edgerton v. Page, 20 N. Y. 281; New York v. Pike Realty Corp., 247 N. Y. 245; see Harper & Bro. Co. v. Jackson, 240 Pa. 312; 20 A. L. R. 1369, 1370; 64 A. L. R. 900, 901. Conduct that does not result in the actual vacation of the leased premises cannot measure up to a constructive eviction. The continued use and occupancy of the demised premises by the tenant negatives any inference that the conduct complained of was of so serious a character as to amount to a constructive eviction. As was said by Chief Judge ANDREWS in Boreel v. Lawton, 90 N. Y. 293, "It would be manifestly unjust to permit the tenant to remain in possession, and when sued for the rent, to sustain the plea of eviction by proof that there were circumstances which would have justified him in leaving the premises."

Judgment affirmed.