LESLIE C. LEAVITT and Wife, MRS. FLORIA D. LEAVITT, v. TWIN
COUNTY RENTAL COMPANY.

(Filed 30 September, 1942.)

**1. Landlord and Tenant §§ 10, 11—**

Ordinarily, a landlord owes no duty to the tenant to repair the premises, and is not commonly liable, whether in contract or tort, to the tenant, his family, servants or guests, for personal injuries, although such injuries are caused by the negligent breach of an agreement to repair, since such damages are too remote and are not within the contemplation of the parties.

**2. Landlord and Tenant § 11: Negligence § 19—**

In an action for damages for personal injuries by a tenant against his landlord, where it appeared that the tenant was injured by plaster falling from the walls, after repeated promises by the landlord to repair same, judgment of nonsuit on the evidence was proper.

APPEAL from *Frizzelle, J.,* at March Term, 1942, of EDGECOMBE. Affirmed.

The plaintiffs brought this action to recover for personal injuries alleged to have been sustained through the wrongful action of the defendant in its failure to repair a house which plaintiffs had rented from it and in which they were residing.

The evidence disclosed that the plaintiffs had rented the premises from the defendant. Some time during the occupancy, the plaintiffs discovered that the plaster in one of the rooms was in bad condition. A portion of it fell from the ceiling, and the plaintiffs notified the defendant of this condition. The defendant, through its agent, promised to repair it. Plaintiffs notified the defendant that unless the place was repaired, they would have to move out, and defendant requested the plaintiffs to remain as tenants of the house, promising to make the repairs. Plaintiffs remained in the occupancy of the house, making repeated requests that the repairs be made because of the dangerous condition of the plaster in the room.

Finally, a portion of the plaster fell and allegedly injured the *feme* plaintiff.

Upon the trial, the defendant made a motion for judgment as of nonsuit upon the evidence as substantially above related, and the motion was allowed. Plaintiffs appealed.

*T. T. Thorne and John D. Odom for plaintiffs, appellants.*
*Gilliam & Bond for defendant, appellee.*

SEAWELL, J. The law in this State is decidedly against the plaintiffs, and it seems to be in accord with the weight of authority throughout the country.

The rule is stated in the case of *Jordan v. Miller,* 179 N. C., 73, 101 S. E., 550, as follows:

"Even where the lessor contracts to keep the premises in repair, 'It has been held, with but few exceptions, that the breach by the landlord of his contract to repair the demised premises will not ordinarily entitle the tenant, his family, servants, or guests, personally injured from a defect therein, existing because of the negligence of the landlord in failing to comply with his agreement to repair, to recover indemnity for such injury, whether in contract or tort, since such damages are too remote, and cannot be said to be fairly within the contemplation of the parties. A contract to repair does not contemplate as damages for the failure to perform it that any liability for personal injuries shall grow out of the defective condition of the premises; because the duty of the tenant, if the landlord fails to perform his contract to repair, is to do the work himself, and recover the cost in an action for that purpose, or upon a counterclaim in an action for rent, or if the premises are made untenable by reason of the breach of contract, the tenant may move out and defend in an action for rent as upon an eviction. In accordance with this view, in order to recover damages for personal injuries, there must be shown some clear act of negligence or misfeasance on the part of the landlord beyond the mere breach of covenant.' 16 R. C. L., 1095." (16 R. C. L., 1059).

In *Hudson v. Silk Co.,* 185 N. C., 342, 117 S. E., 165, the Court observed:

"In the absence of an express covenant to repair or keep in repair, a landlord is not ordinarily held liable for personal injuries to the tenant or his family by reason of defective conditions of the premises. And even with a covenant to repair, the general rule is that such a liability will not usually be imputed."

In *Tucker v. Yarn Mill Co.,* 194 N. C., 756, 140 S. E., 724, the rule is stated:

"It is well settled by the decisions of this Court that ordinarily a landlord owes no duty to the tenant to repair the premises, and is not ordinarily liable for personal injuries sustained by the tenant, although such injuries are caused by the negligent breach of an agreement to repair."

And in *Mercer v. Williams,* 210 N. C., 456, 187 S. E., 556, the rule in the *Jordan case, supra,* was reiterated.

We do not feel at liberty to overrule these well established cases, and the judgment of the court below is, therefore,

Affirmed.