## Ginsburg et al. v. Goldberg et al.

*Aaron Miller*, for complainants.

*J. D. Feldman*, for respondents.

SMITH, P. J., November 20, 1947.—This matter comes before the court on preliminary objections to plaintiffs' bill of complaint in equity.

On February 15, 1947, defendants as lessors entered into a written lease for a term of one year, with plaintiffs as lessees, for a portion behind telephone booths about five by eight feet, at the rear of a store situate 2200 North Broad Street, Philadelphia, "to be occupied by plaintiffs as a check cashing business, at a rental of $2580. per annum, to be paid monthly in the sums of $215.00 on the fifteenth day of each month".

In the printed terms of the said lease, it is provided, inter alia, that "at all reasonable times by itself or

its duly authorized agents, to go upon and inspect the demised premises and every part thereof," etc.

The said lease also provides:

"If rent and/or any charges hereby reserved as rent shall remain unpaid on any day when the same ought to be paid Lessee hereby empowers any Prothonotary or attorney of any Court of Record to appear for Lessee in any and all actions which may be brought for rent and/or the charges, payments, costs and expenses reserved as rent, or agreed to be paid by the Lessee and/or to sign for Lessee an agreement for entering in any competent Court an amicable action or actions for the recovery of rent or other charges or expenses, and in said suits or in said amicable action or actions to confess judgment against Lessee for all or any part of the rent specified in this lease and then unpaid including, . . ."

and:

"Lessee expressly agrees that any judgment, order or decree entered against him by or in any Court or Magistrate by virtue of the powers of attorney contained in this lease, or otherwise, shall be final, and that he will not take an appeal, certiorari, writ of error, exception or objection to the same, or file a motion or rule to strike off or open or to stay execution of the same, and releases to Lessor and to any and all attorneys who may appear for Lessee all errors in the said proceedings, and all liability therefor. Lessee expressly waives the benefits of all laws, now or hereafter in force, exempting any goods on the demised premises, or elsewhere from distraint, levy or sale in any legal proceedings, taken by the Lessor to enforce any rights under this lease."

Plaintiffs' (lessee) bill avers that the said leased premises had a door of entry on which there was a lock to which defendants had a key for the purpose

of repair and inspection; that defendants have made unauthorized constant and continued use of the said demised portion of the premises as a storeroom and as a dressing room for their employes; that said plaintiffs had made constant demands on defendants since February 15, 1947, to stop trespassing on said premises; that defendants have refused to vacate said demised premises and to deliver exclusive possession thereof to plaintiffs; that on August 25, 1947, plaintiffs have notified defendants in writing that their failure to deliver possession of said demised premises to plaintiffs amounted to a termination of the said lease, and demanded a return of the sum of $1,505 already paid in rentals; that defendants have refused to return the said sum of $1,505 and have indicated their intention to collect the balance of the rent as provided in the said lease; that under paragraphs 16 and 19 of the said lease, plaintiffs would have no right of appeal or attack against any judgment entered by confession against them to their irreparable damage. The prayers of the said bill of complaint ask for the lease to be declared null and void; that defendants be enjoined from asserting any claim under the said lease; that judgment be entered for plaintiffs against defendants in the sum of $1,505 with interest and costs, etc. It is to this bill that defendants have filed their preliminary objections.

There is no contention here that the lease in question was obtained by fraud, accident or mistake. The contention is that immediately after the lease was lawfully made, the lessors by continual and constant trespasses on the premises and by using the leased premises for their own use, have destroyed the purposes of the lease itself, and that this amounts to an eviction of the plaintiff: Chelten Avenue Building Corporation v. Mayer, 316 Pa. 228, 231. Accepting as true

the averment in the bill, then it seems unjust and inequitable to permit defendants to take advantage of their own wrongdoing and then to permit them to confess a judgment against plaintiffs who in the lease have waived their right to attack such judgment. In Consumers Min. Co. v. Chatak, 92 Pa. Superior Ct. 17, 23, it is said: ·

" 'A waiver, though not an estoppel, is said to belong to that family, and has many of its elements. It is the abandonment or relinquishment of a known right. . . . By such covenant he (the lessee) estops himself from asserting his pre-existing right to the contrary': Curry v. Bacharach Quality Shops, Inc., supra, p. 373. Appellant, under the provisions of the Act of May 20, 1891, P. L. 101, would have had, in the absence of the provision of the lease now. under consideration, a statutory right to appeal but he also had power to, and in our opinion did, waive that statutory right."

Likewise while the averments of the bill that the constant and continual trespasses against the objections of the plaintiffs may or may not be susceptible of proof, again in considering the preliminary objections, we have to accept them as true. The averments taken together confer jurisdiction in equity. Where a legal remedy is available but would afford only a partial protection of plaintiffs' entire rights, or would not entirely adjust the rights of the parties, such legal remedy is incomplete and inadequate and for that reason, equity will interpose: 30 C. J. S. 352. In Poinsard v. Poinsard et al., 117 Pa. Superior Ct. 313, 317, it is said:

" 'To oust jurisdiction in equity, "It (the remedy) must be complete; that is, it must attain the full end and justice of the case; it must reach the whole mischief and secure the whole right of the party, in a

perfect manner, at the present time, and in the future" ': Mr. Justice Dean, quoting from Story's Equity Juris., sec. 33, in Penna. Co. v. Franklin Fire Ins. Co., 181 Pa. 40, 45, 37 A. 191."

If the defendants are guilty of the trespasses alleged, destroying the substantial use of the demised premises under the lease, they may not now claim a forfeiture. The jurisdiction to relieve against forfeitures is exercised on the principle that a party having a legal right shall not be permitted to avail himself of it for the purpose of injustice or oppression: 30 C. J. S. 394. Relief shall be granted where it is equitable under the circumstances: Blue Ridge Metal M. Co. v. N. Pa. P. Co., 327 Pa. 424.

While plaintiffs may possess a right of action in law for the recovery of the rentals already paid, that will not dispose of all the rights claimed by them in their bill. It is a general rule that where the controversy requires any purely equitable relief, such as will give a court of equity power to act, the court will proceed to a final determination of all the matters at issue, and in doing so, it may establish purely legal rights and grant legal remedies which would otherwise be beyond its power, such as rendering personal decrees for money or as damages for breach of contract: 30 C. J. S. 422, §69; Rothstein v. Jefferson Ice Mfg. Co., 137 Pa. Superior Ct. 298, 309. The real issue of this case, to wit, did the defendants by their continuous and continual trespasses on the premises against the constant objections of plaintiffs, so substantially destroy the purposes of the lease, should be heard before a chancellor in equity.

### Order

And now, to wit, November 20, 1947, the preliminary objections are dismissed.