This was an action to recover damages for a personal injury to the plaintiff alleged to have been caused by the tilting of a defective and unsafe automobile lift in the gasoline and motor service station belonging to defendant Oil Corporation and being operated under lease by defendant Record.
It was alleged that the corporate defendant had turned over to defendant Rector the building and the motor service equipment therein, including an automatic hydraulic lift in said station, when the defendants knew the lift was in a broken, unsafe and dangerous condition, and that *Page 242 
defendant Oil Corporation had contracted to repair and keep the equipment and appliances in safe condition, which it had failed to do. Plaintiff testified that on 6 December, 1946, he drove his automobile into defendant's station to have a loose rod replaced and was directed by one of defendant's employees to drive his automobile upon the motor lift, which he did, and got out leaving the automobile braked and in gear. Thereupon defendant's employee caused the lift to be raised four or five feet, when, without warning, the automobile rolled or slipped off the lift and struck and injured the plaintiff. Plaintiff offered evidence tending to show that this was due to defective condition of the lift, and that one of the scotches on the end of the lift was broken off and the other had been broken and welded twice. The former lessee from whom defendant Rector took over the premises, however, testified the lift was in good condition when he turned it over to defendant Rector 14 January, 1946. The lease of the Oil Corporation to defendant Rector, introduced in evidence, contained provision that the lessor did not reserve any right to exercise control over the business and operations of the lessee conducted on the demised premises, and that neither lessee nor any of his employees should be deemed or considered employees of the Oil Corporation. The lessee stipulated in the lease signed by him that he received the equipment in good order and without warranty as to condition, and that it should be the duty of the lessee at his own cost to "maintain said equipment in good condition and repair." The rental was based upon the amount of gasoline sold, plus a stipulated monthly rental.
Defendants offered evidence tending to show that the lift was in good condition, and that an automobile would not roll off if properly balanced and in gear.
At the close of all the evidence the renewed motion of the corporate defendant for judgment of nonsuit was allowed. Thereupon plaintiff submitted to a voluntary nonsuit as to defendant Rector.
From judgment of nonsuit as to defendant Gulf Oil Corporation the plaintiff appealed.
In order to impose liability upon the lessor for injuries to a third person on leased premises or from contact with leased mechanical appliances, alleged to have been out of repair and defective, it must be made to appear that the lessor had either contracted to repair and maintain, or that "he knowingly demised premises in a ruinous condition or *Page 243 
in a state of nuisance," or that he "authorized the wrong." Mercer v.Williams, 210 N.C. 456, 187 S.E. 556; Wilson v. Dowtin, 215 N.C. 547,2 S.E.2d 549; Wellons v. Sherrin, 217 N.C. 534, 8 S.E.2d 820;Livingston v. Investment Co., 219 N.C. 416, 14 S.E.2d 489; Childressv. Lawrence, 220 N.C. 195, 16 S.E.2d 842; Harrill v. Refining Co.,225 N.C. 421, 35 S.E.2d 240; Jordan v. Miller, 179 N.C. 73,101 S.E. 550; Hudson v. Silk Co., 185 N.C. 342, 117 S.E. 162; Tucker v.Yarn Mills, 194 N.C. 756, 140 S.E. 744.
Evidence to support either of these positions as basis of recovery against the defendant Oil Corporation seems to be lacking, and we think the judgment of nonsuit was properly entered.
Judgment affirmed.