FRANKLIN DRUG STORES, INC., v. GUR-SIL CORPORATION.

(Filed 20 January, 1967.)

**1. Pleadings § 12—**

A demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated and all relevant inferences of fact reasonably deducible therefrom, but it does not admit inferences or conclusions of law, and will not be sustained unless the pleading is wholly insufficient or fatally defective.

**2. Landlord and Tenant § 1—**

An agreement under which one party erects a building on its tract of land and leases the basement of the building to another creates the relationship of landlord and tenant, which relationship governs the rights and liabilities of the parties *inter se* with respect to the leased premises and

also with respect to that portion of the premises over which the landlord retains control.

**3. Landlord and Tenant § 7—**

The landlord is liable for injuries or damages to a tenant resulting from a defective condition of that portion of the property remaining under the landlord's exclusive control when the landlord has notice of the defect and negligently fails to correct it.

**4. Same— Complaint held to allege cause of action against landlord for negligent failure to remedy defect on part of premises over which landlord retained control.**

Allegations of facts permitting inferences that plaintiff leased the basement of defendant's building, that defendant installed drains on defendant's property around the building for the purpose of draining surface waters, that the drains were insufficient, resulting in the backing up of surface waters which seeped under the basement floor and through the walls of the basement during heavy rains, that defendant was given notice of the defect and failed to remedy same, and that sometime thereafter, during a particularly heavy rain, water to a depth of almost four feet backed up, and, by its pressure, caved in the rear door, and four feet of water rushed into the leased premises, greatly damaging plaintiff's merchandise, *are held* sufficient to state a cause of action for the alleged negligence of defendant in failing to correct the defect on that part of the premises over which defendant retained control.

**5. Same—**

Allegations to the effect that on several occasions during heavy rains water seeped to a depth of one or two inches under the doors and through the walls of the basement leased by plaintiff so that plaintiff was forced to keep his goods off the basement floor by platform after prolonged rainfall, *held* not to establish the affirmative defenses of assumption of risk or contributory negligence on the part of plaintiff, precluding his recovery for damages later resulting when the water backed up to a depth of almost four feet, and, by its pressure, caved in the rear door, so that four feet of water rushed into the leased premises.

APPEAL by plaintiff from a judgment entered by *McLaughlin, J.,* 16 May 1966, one-week, nonjury Civil Session of GUILFORD, Greensboro Division, sustaining a demurrer to plaintiff's complaint.

*Douglas, Ravenel, Hardy & Crihfield by R. D. Douglas, Jr., for plaintiff appellant.*

*Frazier & Frazier; Jordan, Wright, Henson & Nichols by William L. Stocks for defendant appellee.*

PARKER, C.J.  Plaintiff alleges in substance in its complaint: In June, 1963, defendant was the owner of a tract of real estate in the city of Greensboro known as part of the Lawndale Shopping Center, which is described by metes and bounds in the complaint. Plaintiff

and defendant entered into an agreement, under the terms of which defendant agreed to erect a building on its tract of real estate and to lease the basement of the building to plaintiff. Defendant graded its tract of land and erected a building. Defendant installed water lines for drainage at the western end or front of its tract of land, and drains at the rear or eastern end of its tract of land, so that surface water would be artificially channeled from the western end of its tract of land in an easterly direction past the building erected and on to the eastern end of the tract of land, where defendant installed an artificial drain in order that the surface water would be diverted to and into an underground conduit. By virtue of the agreement of lease, defendant was the possessor of the upper tenement, plaintiff was the possessor of the intermediate tenement, and defendant was the possessor of the lower tenement.

On 1 January 1964 plaintiff moved merchandise into the basement of the building for storage, and kept therein merchandise, goods, and supplies which it distributed from time to time to its various retail drug stores in the city of Greensboro. Plaintiff paid the rental required under the agreement.

From time to time after plaintiff went into possession of the basement of this building, it discovered that whenever there was a prolonged rainfall, water accumulated at the rear or eastern end of the building and ran under the back doors of the building onto the floor of the basement, and water came through the side walls of the building. On several occasions plaintiff, through its president and its warehouse manager, urged defendant to take steps to correct the drainage condition to prevent damage to plaintiff's stored goods. Defendant failed to correct this condition, and plaintiff found it necessary to build wooden platforms to keep its goods off the floor when it became wet after a prolonged rainfall.

In the latter part of June, 1965, in consequence of a substantial rainfall, approximately three inches of water accumulated on the floor of the basement, and water dripped from the ceiling onto plaintiff's merchandise, causing damage to plaintiff's merchandise in excess of the sum of $500. Plaintiff again demanded that steps be taken by defendant to correct the drainage from its premises onto plaintiff's premises. The water damage to plaintiff's merchandise was caused by certain pipes placed in the area of the front of the building by the defendant or its servants which were not adequate to take care of the flow of water, and the failure of defendant or its servants to provide an adequate artificial drain at the rear of the premises, which caused the accumulation and collection of surface water.

In mid-July, 1965, a heavy rainfall occurred in the city of

DRUG STORES *v.* GUR-SIL CORP.

Greensboro, and water accumulated to a depth of almost four feet at the rear of plaintiff's premises. The said surface water surged under the rear doors of plaintiff's premises, and under the pressure of such water the rear door of the basement gave way and four feet of water rushed into plaintiff's premises greatly damaging its merchandise and goods.

Defendant was negligent in that it failed to exercise ordinary care to provide an adequate conduit into which the natural flow of upper waters were channeled, and in that it failed to provide such a conduit as to prevent leakage, seepage, or overflow, which failure caused damage to plaintiff's merchandise and property. Further, defendant was negligent in failing to use ordinary care to prevent an undue accumulation of surface water by its failure to provide an adequate drain to carry off surface water which was artificially channeled and directed to it across defendant's upper premises, past the plaintiff's intermediate premises, and onto the defendant's lower premises, and that such failure of defendant to exercise ordinary care caused the surface water to accumulate and to damage plaintiff's merchandise.

Defendant demurred to the complaint on two grounds: (1) Plaintiff is a lessee and failed to allege facts constituting a breach of any duty owed it as lessee by the defendant lessor; that plaintiff's complaint shows entry into the premises by plaintiff under a lease agreement, and fails to allege any warranty or agreement by defendant regarding drainage of the premises or safety of said premises from rising waters; and that the complaint contains no allegation that there was a defect in the drainage system on the premises which was latent in nature and known to the defendant lessor and of which the plaintiff lessee was unaware. (2) If plaintiff's complaint alleges facts sufficient to state a cause of action, the plaintiff is barred from recovery for that the complaint affirmatively shows upon its face that plaintiff was guilty of assumption of risk and contributory negligence.

Judge McLaughlin entered a judgment sustaining defendant's demurrer to the complaint.

A demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated and all relevant inferences of fact reasonably deducible therefrom. However, a demurrer does not admit inferences or conclusions of law. A demurrer will not be sustained unless the pleading is wholly insufficient or fatally defective. 3 Strong's N. C. Index, Pleadings, § 12.

It is manifest that the relationship between plaintiff and the defendant is that of tenant and landlord. 51 C.J.S., Landlord and

Tenant, § 1. The terms of the lease agreement are not alleged in the complaint, and if it is in writing, it is not attached to the complaint.

The gravamen of plaintiff's case is injury proximately inflicted upon it by defendant's failure to use reasonable and ordinary care, in that it negligently constructed, maintained, and used a drainage system for surface water upon property under defendant's dominion, possession and control, which was not leased to plaintiff, which caused surface water to accumulate back of the building to such an extent that it rushed into the basement leased to plaintiff and damaged its goods. There is a reasonable inference to be drawn from facts alleged in the complaint that plaintiff had the right of ingress and egress over defendant's property to the basement, but there is nothing in the complaint to indicate that plaintiff had any care for or control over defendant's drainage system.

Where a landlord leases only a portion of the premises to a tenant and retains the remainder under his control, which is the case alleged in the complaint, he is bound to use reasonable and ordinary care in managing the part over which he retains control, and is liable for negligence in respect thereof proximately resulting in injury to his tenant. A landlord is liable for injuries to the property of a tenant because of the defective condition of that property remaining under the landlord's exclusive control, which he negligently fails to correct. *Steffan v. Meiselman*, 223 N.C. 154, 25 S.E. 2d 626; *Longbotham v. Takeoka*, 115 Or. 608, 239 P. 105, 43 A.L.R. 1285, and annotation thereto; *Charlow v. Blankenship*, 80 W. Va. 200, 92 S.E. 318, 1917D L.R.A. 1149; 52 C.J.S., Landlord and Tenant, § 423 d(1) and (7); 32 Am. Jur., Landlord and Tenant, § 684, p. 555.

*Steffan v. Meiselman, supra,* was an action brought to recover damages for the alleged negligence of defendant in permitting or causing contaminated water to pass from a toilet under his control in an upstairs room owned and occupied by him into the leased premises of the plaintiff underneath, in which the latter operated a restaurant, making the same unfit for occupancy and injuring his business. In its opinion the Court said:

> "In the argument here addressed to the question of nonsuit, and we assume in the hearing below, counsel for the defendant relied strongly on *Leavitt v. Rental Co.*, 222 N.C. 81, and cited cases, which follows the rule adopted in *Fields v. Ogburn*, 178 N.C. 407, 100 S.E. 583; *Duffy v. Hartsfield*, 180 N.C. 151, 104 S.E. 139, and similar cases between landlord and tenant, all of which relate to *repairs on the demised premises* or conditions thereupon for which it was sought to hold the owner or land-

lord liable. That situation does not obtain here. *Steffan* did not rent that portion of the building containing the toilet and had no control of it — on the contrary, it was occupied and was under the control of the defendant. The gravamen of plaintiff's case is injury inflicted upon him by the defendant in the negligent or malicious use of his own property and the instrumentalities thereupon under his control. Defendant's liability, arising from such a source, would not be affected or alleviated by the rental contract in evidence.

"The evidence of plaintiff without doubt entitles him to go to the jury on the question of damage to his premises and property."

*Charlow v. Blankenship, supra,* was a suit by a tenant to recover damages for injury to the tenant's goods alleged to have been caused by reason of the defendant landlord's negligence in permitting water to leak through the ceiling into the storeroom leased by the tenant. In its opinion the Court said:

"The defendant insists that no recovery can be had for the reason that there is no express covenant in this lease of fitness of the storeroom for any purpose, and the law does not imply such a covenant, and further, that there is no covenant upon the part of the lessor, either express or implied, to make repairs. It is quite true that, in the absence of fraud or concealment on the part of the lessor, there is no implied covenant in a lease that the leased premises are tenantable or fit for the purpose for which the tenant intends to use them. [Citing numerous authorities.] Neither is there any obligation upon the landlord to make repairs to the leased premises during the continuance of the lease in the absence of an agreement to do so. [Citing numerous authorities.]

"But this doctrine has no application to the case presented here. There is no question of fitness of the leased premises, nor is there any claim for damages asserted because of a failure to make repairs upon the leased premises. The contention of the plaintiff is that the defendant has been negligent in the use and care of that part of the building remaining in his control. The tenant of a part of a building has a right to rely upon the owner of the building exercising due and ordinary care in the use of that part of it remaining in his possession. The tenant has no access to any part of the building except what he has leased, and the landlord, as to those parts of the building of which he retains the possession and control, is under obligation to the tenant not to so carelessly or negligently use the same as to

injure his tenant. He must exercise reasonable and ordinary care in the use of his premises, and, if he fail to do so, he is liable to a stranger for an injury to his property resulting therefrom. *Walker v. Strosnider*, 67 W. Va. 39, 67 S.E. 1087, 21 Ann. Cas. 1. Because the injury is suffered by a party who is his tenant does not relieve him from the obligation to pay the damages which result from his negligence. The tenant cannot prevent his landlord from using the part of the premises of which he retains the control as he pleases. He has no authority to go upon them and make any repairs that may be needed to prevent injury to his property, and to say that the landlord in such case is not liable for an injury occasioned by the defective condition of that part of the property remaining under his exclusive control, which he negligently refuses to correct, would be to say that a landlord in a case like this may ruin his tenant by his negligence without any obligation to make reparation."

In *Toole v. Beckett*, 67 Me. 544, 24 Am. Rep. 54, the facts were these: The plaintiff hired the lower portion of a building of the defendant for a store, the upper portion remaining in the possession of the defendant and under his care and control. A rain storm poured a great volume of water between the roof and the chimney down upon the plaintiff's goods, causing some injury. The charge was that the defendant was guilty of negligence, either on account of the original construction of the roof or in the way and manner of maintaining it. The case, both of law and fact, was referred to the court. The Court in its opinion said:

"It is well settled that in a lease of real estate no covenant is implied that the lessor shall keep the premises in repair or otherwise fit for occupation. *Libbey v. Tolford*, 48 Me. 316. But that is not this case. Here the plaintiff had no care or control of the roof and had no right to intermeddle with it. The defendant had such care and control, for the benefit of himself and all his tenants. By implication, he undertakes so to exercise his control as to inflict no injury upon his tenants. If he does not exercise common care and prudence in the management and oversight of that portion of the building which belongs to his especial supervision and care, and damages are sustained by a tenant on that account, he becomes liable for them. He is responsible for his negligence."

*Carter v. Realty Co.*, 223 N.C. 188, 25 S.E. 2d 553, cited and relied on by defendant in its brief, is factually distinguishable. That

case concerned a landlord's duty to his tenant with respect to a common passageway in a house consisting of several tenements.

Construing the complaint liberally, as we are required to do, G.S. 1-151, we are of opinion, and so hold, that while the complaint is not a model for clarity, the complaint is not so wholly insufficient or so fatally defective that it fails to state a cause of action against defendant, and the demurrer should be overruled, unless it affirmatively appears from facts alleged in the complaint that plaintiff as a matter of law is guilty of assumption of risk or contributory negligence, or both, so as to bar any recovery upon plaintiff's part.

Plaintiff alleged in its complaint that when defendant failed to correct this condition, it found it necessary to build wooden platforms to keep its goods off the floor when it became wet after a prolonged rainfall. This cause of action was occasioned by a heavy rainfall that occurred in the city of Greensboro in mid-July, 1965, causing water to accumulate to a depth of almost four feet at the rear of plaintiff's premises, and this surface water surged into the rear doors of the plaintiff's premises and under the pressure of such water the rear door of the basement gave way and four feet of water rushed into plaintiff's premises greatly damaging its merchandise and goods. Plaintiff as tenant took possession of the basement on 1 January 1964. According to the allegations of the complaint the basement had not been flooded with several feet of water until mid-July 1965.

This is said in 52 C.J.S., Landlord and Tenant, § 417 h(2), p. 57:

> "Where the tenant or injured person has knowledge of the defective condition of the premises and continues thereafter to occupy them, or to use the defective portion, he may be considered to have assumed the risk, and in case of injury resulting from such defects, be held guilty of contributory negligence. Recovery will not be allowed where the tenant was aware of the defect causing the injury and the defect was such as to indicate to a reasonable-minded person that use of the defective portion of the premises was apparently and imminently dangerous.
>
> "However, previous knowledge of the defective condition and continued occupancy or use of the premises is not necessarily an assumption of risk or contributory negligence, especially with respect to portions of the premises retained under the control of the landlord."

It is our opinion, and we so hold, that plaintiff has not pleaded itself out of court on the theory of assumption of risk or contribu-

tory negligence. Here we are concerned with pleadings. What the evidence will show remains to be seen.

The judgment sustaining the demurrer was improvidently entered, and is

Reversed.