MILDRED LOUIS THOMPSON v. WALTER GASTON SHOEMAKER, JR. AND WATERS INSURANCE AND REALTY COMPANY, INC.

No. 7026DC153

(Filed 6 May 1970)

1. Landlord and Tenant § 19— tenant's action for rent paid — unfit premises — voluntary payment of rent

In a tenant's action for the recovery back of rents already paid, the tenant was not entitled to recover on the theory that the dwelling was maintained by the landlord in violation of the city code and was unfit for human habitation throughout the fifty-three week period of occupancy, where the payment of rent was voluntary.

2. Cancellation and Rescission of Instruments § 4;   Money Received § 1— voluntary payments made under mistake of law

Voluntary payments made under a mistake of law, with all knowledge of the facts, cannot be recovered back, although there was no debt.

3. Landlord and Tenant § 19— constructive eviction — unfit premises — voluntary payment of rent

A tenant may not recover for constructive eviction on the theory that the premises were unfit for human habitation, where the complaint showed that the tenant voluntarily paid the rent with full knowledge of the unfitness of the premises and continued to occupy the premises throughout the rental period.

4. Evidence § 3— judicial notice — low income housing

The unavailability of low income housing in a municipality is subject to debate and is not a factor that can be judicially noticed by the Court.

5. Landlord and Tenant § 8— damage to tenant's property — negligence of landlord — city code — sufficiency of complaint

A tenant's complaint failed to state a cause of action that she suffered damage to her personal property and suffered mental and physical agony as the proximate result of the landlord's negligence in keeping the premises in an unfit and substandard condition in violation of the city code, where it appeared from the complaint that the tenant voluntarily continued to pay rent and to occupy the premises after learning of the violations.

**6. Landlord and Tenant § 8— lessor's duty to repair — common law rule**

A lessor is under no implied covenant to repair the premises and, in the absence of an agreement between the parties to the contrary, is not under a duty to keep the premises under repair or to repair defects existing at the time the lease is executed.

APPEAL by plaintiff from *Abernathy, District Judge,* 22 September 1969 Session of MECKLENBURG County District Court.

Plaintiff filed complaint on 11 June 1969 against defendant Shoemaker, owner of a rental dwelling, and his rental agent, Waters Insurance and Realty Company, Inc. She alleged for a first cause of action in substance, except where quoted, as follows: (1) Plaintiff rented the dwelling through the defendant agent on 27 May 1968 for an agreed rental of $12.50 a week. (2) From 27 May 1968 until 31 May 1969 plaintiff occupied the dwelling and paid rents in the total sum of $662.50. (3) At the commencement of the rental contract the dwelling was sub-standard and unfit for human habitation and was in violation of the Housing Code of the City of Charlotte in that it was infested with rats and other rodents; had no screens on any windows; had leaks in the roof, and generally lacked maintenance. (4) "[D]efendants were informed of the above mentioned hazards and defects at various times throughout both the plaintiff's occupancy and previous occupancies but no repairs were undertaken by the defendants." (5) "[P]laintiff is of limited means and therefore was unable to move elsewhere." (6) She is entitled to recover the amount paid in rent for the substandard and unfit dwelling.

For a second cause of action, plaintiff alleged that she suffered damage to her personal property and mental and physical agony as a result of the enumerated deficiencies of the dwelling. Recovery in the sum of $350 was sought on the second cause of action.

Defendants filed separate demurrers. Judgment was entered on 25 September 1969 sustaining the demurrers with prejudice to plaintiff and plaintiff appealed.

*Gail Barber for plaintiff appellant.*

*Harkey, Faggart, Coira & Fletcher by Henry Lee Harkey and Francis M. Fletcher, Jr., for defendant appellees.*

GRAHAM, J.

Plaintiff contends that she has sufficiently stated a first cause of action under either of two theories: (1) The rental contract was il-

legal and unenforceable because the dwelling rented was maintained in violation of the Housing Code of the City of Charlotte and was unfit for human habitation. (2) Defendants, in renting plaintiff a substandard and unfit dwelling, breached various material warranties implied in the rental contract and thereby constructively evicted plaintiff from the dwelling.

[1, 2]   In our opinion neither theory will support recovery in this case because the cause of action alleged is for the recovery back of rents already paid. Plaintiff does not contend the payments were made under a mistake of fact. On the contrary, she alleges that the dwelling was substandard and unfit for human habitation at the time it was rented and throughout the fifty-three week period it was occupied by her. Voluntary payments made under a mistake of law, with all knowledge of the facts, cannot be recovered back, although there was no debt. See *Simms v. Vick*, 151 N.C. 78, 65 S.E. 621.

"It is the general rule that payments voluntarily made, although not owing, are not recoverable back, and if the payment of rent demanded of a tenant is deemed voluntary in law, the tenant cannot recover such payment even though the amount demanded and paid was not owing." 49 Am. Jur. 2d, Landlord and Tenant, § 567. The reason for such a rule is set forth in 40 Am. Jur., Payment, § 158, as follows:

"The reason of the rule that money voluntarily paid with full knowledge of the facts cannot be recovered, and its propriety, are quite obvious when applied to a case of payment on a mere demand of money unaccompanied with any power or authority to enforce such demand, except by suit at law. In such case, if the party would resist an unjust demand, he must do so at the threshold. The parties treat with each other on equal terms, and if litigation is intended by the one of whom the money is demanded, it should precede payment. When the person making the payment can only be reached by a proceeding at law, he is bound to make his defense in the first instance, and he cannot postpone the litigation by paying the demand in silence or under a reservation of right to litigate the claim, and afterward sue to recover the amount paid. Otherwise, the privilege would be left to him of selecting his own time and convenience for litigation, delaying it, as the case may be, until the evidence on which his adversary would have relied to sustain his claim may be lost by the lapse of time and the many casualties to which human affairs are exposed."

**[3]** Furthermore, plaintiff may not recover for constructive eviction when her pleadings affirmatively show that she did not abandon the premises during the entire fifty-three week term of the lease. In *Chelten Ave. Building Corp. v. Mayer,* 316 Pa. 228, 172 A. 675, the landlord brought suit for rent due for the period ending 1 May 1930. The tenant had occupied the premises for a sixteen-month period without paying any rent. The court allowed recovery by the landlord, holding that it was unnecessary to determine if the circumstances entitled the defendant to abandon the property and claim a constructive eviction since she continued to occupy the premises during the rental period. As pointed out in 1859 in the case of *Edgerton v. Page,* 20 N.Y. 281, it would be grossly unjust to permit a tenant to continue in possession of premises and shield himself from payment of rent by reason of alleged wrongful acts of the landlord.

**[4]** Plaintiff candidly concedes the general rule respecting constructive eviction and, in fact, cites in her brief Annot, Constructive Eviction, 91 A.L.R. 2d 638 (1963), wherein cases are collected that unanimously hold that in order to rely on a constructive eviction, a tenant must abandon the premises within a reasonable time after the claim of eviction. However, she insists that the general rule should not apply to her because of her allegation that she "is of limited means and therefore was unable to move elsewhere." The fact that she made timely payments of rent while occupying the dwelling which she now claims was unfit tends to negate any notion that she was financially unable to move elsewhere. Plaintiff attempts to counter this implication by asking this court to take judicial notice of the scarcity of low income housing in the City of Charlotte. The unavailability of low income housing in Charlotte is undoubtedly subject to debate and in our opinion it is not a factor that can be judicially noticed by this court.

**[3]** We have not attempted to decide whether a contract for the rent of a dwelling maintained in substantial violation of a municipal housing code is enforceable. Suffice to say, plaintiff's complaint shows that she voluntarily paid the rent with full knowledge of the facts and that she continued to occupy defendant's property throughout the rental period. For these reasons we hold that the demurrers to plaintiff's first cause of action were properly sustained.

**[5]** Plaintiff argues in support of her second cause of action that defendants' alleged violations of the Charlotte Housing Code constituted negligence which proximately caused injury to her and damage to her property.

**[6]** Under the common law rule in effect in this jurisdiction, a

lessor is under no implied covenant to repair the premises, and in the absence of an agreement between the parties to the contrary, is not under a duty to keep the premises under repair, or to repair defects existing at the time the lease is executed.

**[5]** The fact that defendants' alleged failure to properly maintain the dwelling is in violation of a municipal ordinance is not helpful to plaintiff under the circumstances of this case because she voluntarily continued to occupy the premises after she learned of the violations. "[W]here the tenant . . . has knowledge of the defective condition of the premises and continues thereafter to occupy them, or to use the defective portion, he may be considered to have assumed the risk, and, in case of injury resulting from such defects, be held guilty of contributory negligence." 52 C.J.S., Landlord and Tenant, § 417(20).

Even where there is a duty on the part of the landlord to repair premises arising out of his contract with the tenant, the general rule is that such a liability will not usually be imputed to the landlord. The rule is stated in the case of *Jordan v. Miller,* 179 N.C. 73, 75, 101 S.E. 550, as follows:

"Even where the lessor contracts to keep the premises in repair, 'It has been held, with but few exceptions, that the breach by the landlord of his contract to repair the demised premises will not ordinarily entitle the tenant, his family, servants, or guests, personally injured from a defect therein, existing because of the negligence of the landlord in failing to comply with his agreement to repair, to recover indemnity for such injury, whether in contract or tort, since such damages are too remote, and cannot be said to be fairly within the contemplation of the parties. A contract to repair does not contemplate as damages for the failure to perform it that any liability for personal injuries shall grow out of the defective condition of the premises; *because the duty of the tenant, if the landlord fails to perform his contract to repair, is to do the work himself,* and recover the cost in an action for that purpose, or upon a counterclaim in an action for rent, or if the premises are made untenable by reason of the breach of contract, the tenant may move out and defend in an action for rent as upon an eviction. In accordance with this view, in order to recover damages for personal injuries, there must be shown some clear act of negligence or misfeasance on the part of the landlord beyond the mere breach of covenant.' 16 Ruling Case Law, 1095."

The above rule is well established in this State. *Leavitt v. Rental Co.*, 222 N.C. 81, 21 S.E. 2d 890; *Mercer v. Williams*, 210 N.C. 456, 187 S.E. 556; *Tucker v. Yarn Mill Co.*, 194 N.C. 756, 140 S.E. 744; *Hudson v. Silk Co.*, 185 N.C. 342, 117 S.E. 165. A different principle applies where damages result from the landowner's neglect of a portion of the premises still under his control. *Drug Stores v. Gur-Sil Corp.*, 269 N.C. 169, 152 S.E. 2d 77. We are not at liberty to overrule these well established principles. In our opinion the trial court correctly sustained defendants' demurrers to plaintiff's second cause of action.

In view of our conclusions that plaintiff's complaint does not state a cause of action we do not discuss defendants' contentions that there has been a fatal misjoinder of parties and causes under the Rules of Civil Procedure prevailing at the time the demurrers were sustained.

Affirmed.

BROCK and BRITT, JJ., concur.