CATO LADIES MODES OF NORTH CAROLINA, INC. v. GERTRUDE
W. POPE AND JOHN W. POPE

No. 7410DC211

(Filed 20 March 1974)

1. **Landlord and Tenant § 8— breach of covenant to repair — roof repaired by lessee — cost placed on lessor**

   Upon breach by the lessor of his covenant to repair, the lessee may make such repairs and collect from the lessor the reasonable cost of such repairs; therefore, plaintiff was entitled to recover of defendant the cost of a new roof placed on defendant's building by plaintiff after the roof leaked, plaintiff informed defendant of the leak, and defendant failed to make necessary repairs.

2. **Landlord and Tenant § 8— failure of lessor to repair roof — damage to lessee's merchandise borne by lessor**

   Where plaintiff leased premises from defendant for the specific purpose of operating a ladies' shop, defendant covenanted to make repairs to the roof, and defendant failed to make repairs after he was informed that they were needed, damages suffered by plaintiff to his merchandise when the roof leaked were reasonably within the contemplation of the parties at the time of the making of the lease and thus were properly awarded by the trial court.

APPEAL by defendant from *Barnette, Judge,* 20 August 1973 Session of District Court held in WAKE County.

This is a civil action wherein the plaintiff-lessee, Cato Ladies Modes of North Carolina, Inc., seeks to recover $1,081.48 from defendants-lessors, Gertrude W. Pope and John W. Pope, which sum represents damages allegedly incurred by plaintiff-lessee as a result of defendants-lessors' failure to comply with the terms of a written lease. The amount in question represents (1) $756.00 expended by plaintiff to install a new roof on defendants' building and (2) $325.48 in damages to plaintiff's merchandise allegedly occurring as a result of a leaking roof. On 2 August 1973 plaintiff pursuant to G.S. 1A-1, Rule 41(a) of the Rules of Civil Procedure, voluntarily dismissed this action as to defendant Gertrude W. Pope.

The parties having waived the right to a jury trial this matter was heard by the trial judge without a jury; and after hearing the evidence as presented by the plaintiff and defendant, the court made findings of fact which are summarized as follows:

Plaintiff and defendants entered into a lease agreement in February 1969 by the terms of which plaintiff leased space in defendants' building for the purpose of operating a retail store. This lease contained a provision requiring the defendants-lessors to "maintain the roof, walls, and foundation of the building in proper condition" and in January 1971, in accordance with this repair covenant, the plaintiff-lessee notified the defendants-lessors of a leak in the roof. Defendants-lessors failed to respond to plaintiff-lessee's initial request that they repair the roof, and over the course of the next two years the plaintiff-lessee repeatedly, although unsuccessfully, urged defendants-lessors to repair the roof. In February 1973 the plaintiff-lessee suffered damage to its merchandise in the amount of $325.48 as a result of heavy rains and the roof remaining in an unrepaired state. The following month the plaintiff-lessee contracted with a roofing company to repair the roof, and the roofing company charged plaintiff-lessee $756.00 for putting on a new roof. This bill was paid by the plaintiff-lessee and was found by the trial court to be a reasonable amount for the work done.

Based upon these findings of fact the court made the following conclusions of law:

"(1) The plaintiff has been damaged in the amount of Three Hundred Twenty-Five and 48/100 Dollars ($325.48) for water damage to merchandise occasioned by the failure of the defendants to repair a leak in the roof of the plaintiff's store, which was a breach of the defendants' covenant to repair as contained in his Lease Agreement with the plaintiff."

"(2) Plaintiff is also entitled to recover Seven Hundred Fifty-Six Dollars ($756.00) from the defendants, which represents the reasonable costs of repairing the roof in order to stop the leak. This was also occasioned by the failure of the defendants to repair the leak in breach of his covenant to repair the roof as contained in his Lease Agreement with the plaintiff."

From a judgment for plaintiff in the amount of $1,081.48, defendant appealed.

*Cotten & Cotten by Michael A. Cotten for plaintiff appellee.*

*Jack Senter for defendant appellant.*

HEDRICK, Judge.

Defendant having taken no exceptions to the findings of fact of the trial court, the only question presented by this appeal is whether the findings of fact support the conclusions of law and the judgment entered thereon.

[1]   Defendant-lessor contends that the court erred in concluding that he must compensate plaintiff-lessee for repairs made to the roof by the latter. The undisputed facts clearly reveal that the lease agreement between plaintiff and defendant contained a covenant which required defendant-lessor to repair any defects in the roof; that such repairs became necessary, that defendant-lessor failed to repair such defects after being notified by plaintiff-lessee of their existence; that the plaintiff-lessee employed the services of a roofing contractor to repair the roof and in so doing incurred expenses in the amount of $756.00. The general rule is that upon breach by the lessor of his covenant to repair, the lessee may make such repairs and collect from the lessor the reasonable cost of such repairs. See Annot., 28 A.L.R. 1448. North Carolina's adherence to this principle is exemplified by the following passage from *Jordan v. Miller,* 179 N.C. 73, 101 S.E. 550 (1919) :

> " . . . *the duty of the tenant, if the landlord fails to perform his contract to repair, is to do the work himself,* and recover the cost in an action for that purpose, or upon a counterclaim in an action for rent, or if the premises are made untenable by reason of the breach of contract, the tenant may move out and defend in an action for rent as upon an eviction."

See also, Webster, *Real Estate Law in North Carolina,* § 213, pp. 251-252 (1971) ; *Brewington v. Loughran,* 183 N.C. 558, 112 S.E. 257 (1922). Therefore, the repair measures taken by the plaintiff-lessee were in all respects proper, and we are bound by the trial court having found as at fact that such repairs were reasonable in cost.

[2]   Defendant-lessor further asserts that the court erroneously concluded that the plaintiff-lessee was entitled to recover $325.48 for damage to merchandise which resulted from defendant-lessor's failure to repair the roof. The uncontroverted findings disclose that plaintiff-lessee leased the premises from defendant-lessor for the express purpose of operating a retail store; that

plaintiff-lessee had notified defendant-lessor on several different occasions that the roof was leaking and the defendant-lessor had failed to make the necessary repairs; that after suffering damage to its merchandise in the sum of $325.48 the plaintiff-lessee had the roof repaired to prevent further loss. These findings dictate that we make reference to the apposite legal principle which states:

> "It frequently happens that as a result of the breach by the landlord of his covenant to repair, the property of the lessee is injured. Whether or not the damage recovered may include compensation for such loss must necessarily depend upon the circumstances of the particular case, such as the purpose for which the premises were leased, the nature of the defect, and the character of the property." 49 Am. Jur. 2d, Landlord and Tenant, § 846, pp. 813-814.

Considering the aforementioned factors in conjunction with the findings that the plaintiff-lessee leased the premises for the purpose of operating a ladies' shop and that defendant-lessor covenanted to make repairs to the roof, we conclude that such damages as were suffered by the plaintiff-lessee were reasonably within the contemplation of the parties at the time of the making of the lease and thus were properly awarded by the trial court, Brewington, *supra.*

For the reasons herein stated, the decision of the trial court is

Affirmed.

Judges CAMPBELL and BALEY concur.